UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
KENNETH T. CHAVEZ, on behalf of himself
and all others similarly situated,

                                                    Case No.:  1:20-cv-00804-EK-JO

                        Plaintiff(s)

    -v-

FEATHER FACTORY HOTEL INC.
d/b/a FEATHER FACTORY HOTEL,

                        Defendant(s)
-----------------------------------------------------------------X


# MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND DAMAGES WITH SUPPORTING APPLICATION FOR ATTORNEY FEES, DISBURSEMENTS AND COSTS.


**Law Offices of Mitchell S. Segal, P.C.**
Mitchell Segal, Esq.
1010 Northern Boulevard, Suite 208
Great Neck, New York 11021
Ph:  (516) 415-0100
Fx:  (516) 706-6631
msegal@segallegal.com
*Attorney for Defendant*


Dated: June 9, 2020
       Great Neck, New York

## TABLE OF CONTENTS

**Page**

FACTUAL BACKGOUND AND PROCEDURAL HISTORY ...................................................... 1

MEMORANDUM OF LAW .................................................................................................... 6

    I.      LIABILITY ................................................................................ 6

    II.     THE REQUESTED RELIEF ......................................................... 14

    III.    ATTORNEY FEES .................................................................... 16

    IV.    LITIGATION COSTS AND EXPENSES ...................................... 17

## TABLE OF CASES

*Camarillo v. Carrols Corp.,* 518 F3d 153, 156 (2d Cir. 2008) ................................ 6

*Chauca v. Abraham,*
30 N.Y.3d 325, 329, 89 N.E.3d 475 (2017) ................................................... 15

*DiFilippo v. Morizio*
759 F2d. 231, 234 (2d Cir. 1985) ................................................................. 16

*Finkel v. Romanowicz,*
577 F3d 79, 84 (2nd Cir. 2009) ................................................................... 16

*Harty v. PAR Builders, Inc.*
12-cv-2246 (S.D.N.Y. 2016) ...................................................................... 17

*Hensley v. Eckerhart,*
461 U.S. 424, 433 (1983) ........................................................................... 16

*Kreisler v. Second Ave. Diner Corp.,*
No. 10 Civ. 7592, 2012 WL 3961304 at* 14 (S.D.N.Y.Sept. 11, 2012) aff'd 731 F.3d 184 (2d Cir. 2013) .................................................................................................................... 15

*Luca v. County of Nassau,*
698 F.Supp. 2d 296, 301 (E.D.N.Y. 2010) ............................................................. 17

*Simmons v. New York City Transit Authority*
575 F3d 170, 172 (2d Cir. 2009) ................................................................... 17

*Shariff v. Beach 90th St. Realty Corp.,*
No. 11 Civ 2551, 2013 WL 6835157 at * 6 (E.D.N.Y. Dec 20, 2013) ..........................14

## STATUTES AND AUTHORITIES

1.  42 U.S.C. § 12102 (2) ....................................................................1,3,6

2.  28 C.F.R. § 39.307(c) ....................................................................1

3.  28 C.F.R. § 36.201....................................................................1,2,3,4,6,9

4.  42 U.S.C §12181 ....................................................................1,4,6,9,14

5.  42 U.S.C §12188(a)(1) ....................................................................1, 2

6.  Title III of the American with Disabilities Act ("ADA") .......................2

7.  42 U.S.C. §12182(b)(1)(A)(i-iii) .....................................................1,5

8.  42 U.S.C. §12182(b)(2)(A)(i-iii) .....................................................1,2,5

9.  Article 15 of the N.Y. Exec Law §§ 279(9) and 297(4)(c) ....................  1,2

10. 28 C.F.R. pt. 36, App'x A...........................................................  4,8

11. 28. C.F.R. §36.211 ....................................................................1

12. New York State Human Rights Law ................................................ 1,2,3,15

13. New York City Human Rights Law ................................................ 1,3,10,12

14. Administrative Code §§ 8-120(8), 8-126(a) and 8-502(a) .........................1

15. New York Civil Rights Law ........................................................  1,2,3,11

16. 42 U.S.C. §12188(a) .................................................................. 9

17. 42 U.S.C. § 12102(2) ....................................................................2

18. 42 U.S.C. § 12182(a) ....................................................................2

19. 28 C.F.R § 36.302(e)(1) .............................................................. 3,7,9

20. 28 C.F.R. § 36.105 ....................................................................3,6

21. 28 C.F.R. 36.302 .................................................................. 4,7,14

22. 28 C.F.R § 12182 ....................................................................6

23. 28 C.F.R. § 12134 (a) ....................................................................9

24. Article 15 of the NY Executive Law § 290 et seq. ...............................10

25. Article 15 of the NY Executive Law § 296(2)(a) ................................10

26. Article 15 of the NY Executive Law § 292(21)  . ................................10

27. Article 15 of the NY Executive Law § 292(9) eq. ................................10,11

28. Article 15 of the NY Executive Law § 292(1)      ................................10,11

29. Article 15 of the NY Executive Law § 296(2)(c)(i)  ...........................10,11

30. Article 15 of the NY Executive Law § 297(4)(c) ................................11,14

31. New York Civil Rights Law § 40 .................................................. 12

32. New York Civil Rights Law § 41 .................................................. 12

33. Administrative Code §§ 8-101 et seq. ………………………………………….. 12

34. Administrative Code §§ 8-102(16) ……………………….. …………………….12

35. Administrative Code §§ 8-102(9) ……………………….. ……………………. 13

36. Administrative Code §§ 8-107(4)(a)…………………….. …………………….13

37. Administrative Code §§ 8-107(15)(a) ……………………. …………………… 13

38. Administrative Code §§ 8-120(8) ……………………….. ……………………  13,15

39. Administrative Code §§ 8-126(a) ……………………….. ……………………  13,15

40. Administrative Code §§ 8-502(a) ……………………….. ……………………  13,15

41. F.R.C.P. Rule 55 ……………………………………………………………..14,16

42. Article 15 of the NY Executive Law § 297(9)    …………………………  14

43. 42 U.S.C. § 12205 ……………………………………………………………16,17,18

Plaintiff, KENNETH T. CHAVEZ, (hereinafter "Plaintiff"), the Class and the Subclass, by and through their undersigned counsel and pursuant to Fed. R. Civ. P. 55(b) and 42 U.S.C. § 12205, hereby move this Court and seek entry of a Final Default Judgment, damages and an award of attorney's fees, litigation expenses and costs against Defendant, FEATHER FACTORY HOTEL INC. d/b/a FEATHER FACTORY HOTEL, (hereinafter "Defendant" and/or the "Hotel"), and as grounds thereof state:

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

1.      This is an action to recover damages owed by Defendant to Plaintiff, the Class and Subclass for: (1) for violations of Title III of the American with Disabilities Act ("ADA"), 42 U.S.C. § 12102(2), 42 U.S.C. § 12182(a); 28 C.F.R. § 36.201, 42 U.S.C. § 12181, 42 U.S.C. § 12182(b)(1)(A)(i-iii), 28 C.F.R. § 36.211, 42 U.S.C. § 12182(b)(2)(A)(i-iii), 42 U.S.C. § 12188(a)(1) entitling the Plaintiff to injunctive relief enjoining the Defendant's discriminatory acts, declaratory relief and attorney fees, costs and disbursements; (2) for violations of the New York State Human Rights Law ("NYSHRL"), as amended, Article 15 of the N.Y. Exe. Law §§ 297(9), 297(4)(c) et seq., entitling the Plaintiff, the Class and the Subclass to recover from the Defendant (i) damages, (ii) civil penalties and fines for each and every discriminatory act, and (iii) reasonable attorney fees and costs and disbursements; (3) for violations of N.Y. Civil Rights Law ("NYCRL") § 40 et seq. entitling the Plaintiff, the Class and Subclass to recover from Defendant: (i) damages of five hundred dollars for each and every discriminatory act, (ii) civil penalties and fines, (iii) reasonable attorney fees and costs and disbursements; (4) for violations of N.Y.C. Human Rights Law ("NYCHRL") Administrative Code § 8-120(8), § 8-126(a) and § 8-502(a), entitling the Plaintiff, the Class and the Subclass to recover from Defendant: (i) damages for the injuries and loss, (ii) punitive damages, (iii) civil penalties and fines for each offense, (4) attorney fees along with costs and disbursements.

2.      Plaintiff filed this action seeking injunctive relief, declaratory relief, damages, civil penalties and fines for each and every discriminatory act, damages of five hundred dollars for each and every discriminatory act, damages for injuries and loss, punitive damages, civil penalties and fines for each offense, attorney fees along with costs and disbursements of this action. See Plaintiff's Complaint Doc # 1.

3.      The Complaint was brought against Defendant FEATHER FACTORY HOTEL INC. d/b/a FEATHER FACTORY HOTEL for violations of (1) Title III of the American with Disabilities Act ("ADA"), 42 U.S.C. § 12102(2), 42 U.S.C. § 12182(a); 28 C.F.R. § 36.201, 42 U.S.C. § 12181, 42 U.S.C. § 12182(b)(1)(A)(i-iii), 28 C.F.R. § 36.211, 42 U.S.C. § 12182(b)(2)(A)(i-iii), 42 U.S.C. § 12188(a)(1); (2) the New York State Human Rights Law("NYSHRL"), as amended, Article 15 of the N.Y. Exe. Law §§ 297(9), 297(4)(c) et seq.; (3)  N.Y. Civil Rights Law ("NYCRL") § 40 et seq.; and (4) N.Y.C. Human Rights Law ("NYCHRL") Administrative Code § 8-120(8), § 8-126(a) and § 8-502(a).

4.      Defendant was served the Summons, Civil Cover Sheet and Complaint. See Doc # 7 (Affidavit of Service dated 2/18/2020) on FEATHER FACTORY HOTEL INC. d/b/a FEATHER FACTORY HOTEL. After Defendant failed to respond to the Complaint within the required 21 day time frame, Plaintiff filed a Request for Certificate of Clerk's Default, see Doc # 9, which Plaintiff served contemporaneously on Defendant. See Exhibits to Doc # 9.

5.      The instant Motion for a Default Judgment with Supporting Application for injunctive relief, declaratory relief, damages, civil penalties and fines for each and every discriminatory act, damages of five hundred dollars for each and every discriminatory act, damages for injuries and loss, punitive damages, civil penalties and fines for each offense, attorney fees, costs and disbursements is being served on Defendant contemporaneously with its' filing to this Court.

2

6.      Plaintiff's Complaint seeks injunctive relief, specifically relief to correct, the ADA violations existing on the Defendant's Website in order to make them compliant with ADA and 28 C.F.R. §36.302(e)(1), which requires

> "Reservations made by places of lodging. A public accommodation
> that owns, leases (or leases to), or operates a place of lodging shall,
> with respect to reservations made by any means, including by telephone,
> in-person, or through a third party –
>
> (i) Modify its policies, practices, or procedures to ensure that individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms;
>
> (ii) Identify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs;
>
> (iii) Ensure that accessible guest rooms are held for use by individuals with disabilities until all other guest rooms of that type have been rented and the accessible room requested is the only remaining room of that type;
>
> (iv) Reserve, upon request, accessible guest rooms or specific types of guest rooms and ensure that the guest rooms requested are blocked and removed from all reservations systems; and
>
> (v) Guarantee that the specific accessible guest room reserved
> through its reservations service is held for the reserving customer,
> regardless of whether a specific room is held in response to reservations
> made by others".

7. Plaintiff has at all herein suffered from a "qualified disability" as defined in the ADA under 42 U.S.C. § 12102(1)-(2), 28 CFR §§ 36.105, the New York State Human Rights Law, the New York Civil Rights Law and the New York City Human Rights Law.  Plaintiff is uniped and an amputee, and must use a wheelchair or other motorized mobility device.

3

8.    "§ 36.302 of the 1991 Title III regulation requires public accommodations to make reasonable modifications in policies, practices or procedures when such modifications are necessary to afford access to any goods, services, facilities, privileges advantages or accommodations, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages or accommodations. Hotels, timeshares resorts, and other places of lodging are subject to this requirement and must make reasonable modifications to reservation policies, practices or procedures when necessary to ensure that individuals with disabilities are able to reserve accessible hotel rooms with the same efficiency, immediacy, and convenience as those who do not need accessible rooms". 28 C.F.R. Part 36, Appx. A. Third – Party reservation services should also be subject to these requirements.

9.    Plaintiff, the Class and the Subclass will continue to suffer discrimination should the barriers to access remain at http://featherfactoryhotelqueensny.us (the "Website") in violation of the ADA in addition to third party websites such as www.hotels.com, www.booking.com and www.travelocity.com (the "Websites").

10.    The Hotel is a place of public accommodation that owns and/or leases and operates a place of lodging pursuant to the ADA. Additionally, the Website is a place of public accommodation defined as a "place[s] of exhibition and entertainment", "places of recreation", and "service establishments". 28 C.F.R. §36.201(a); 42 U.S.C. §12181(7).

11.    The Defendant discriminates against the Plaintiff and other disabled individuals throughout New York and the United States who are unable to walk and must use a wheelchair or other mobility device excluding them of the same goods, services, features, facilities, benefits, advantages and accommodations of the Hotel and Website that are available to others.

4

12. Defendant has discriminated against the Plaintiff and all other mobility-impaired individuals by denying full and equal access to and enjoyment of the goods, services, facilities, privileges, advantages and accommodations offered on the Website in violation of the ADA.

13. Discrimination under Title III includes the denial of an opportunity for the person who cannot walk without the use of use a wheelchair or other motorized mobility device to participate in programs or services or providing a service that is not equal to that afforded to others. 42 U.S.C. §12182(b)(l)(A)(i-iii).

14. Failure to make modifications that are reasonable in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities is unlawful, unless implementing these modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages or accommodations under Title III of the ADA, 42 U.S.C. § 12182(b)(2)(A)(ii).

15. "A failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden" is a prohibited discriminatory practice under Title III of the ADA, 42 U.S.C. § 12182(b)(2)(A)(iii).

44. Defendant is unable or unwilling to defend itself in the above-styled action. The only substantive and meaningful course is for the Court to enter a Default Final Judgment. Plaintiff submits that he would prevail at trial if this Honorable Court decided this case on its merits.

## MEMORANDUM OF LAW

This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§1331 & 1343 for Plaintiffs' claims arising under 42 U.S.C. §12181, et seq., based on Defendant's violations of Title III of the Americans with Disabilities Act (see also, 28 U.S.C. §2201 and §2202).

### I.    LIABILITY

To state a claim under Title III of the ADA the plaintiff must establish that (i) he is disabled within the meaning of the ADA; (ii) that the defendants own, lease or operate a place of public accommodation; and (3) that the defendants discriminated against him by denying him a full and equal opportunity to enjoy the services that the defendants provide 42 U.S.C. §12182. See *Camarillo v. Carrols Corp.,* 518 F3d 153, 156 (2d Cir. 2008).

Plaintiff has at all herein suffered from a "qualified disability" as defined in the ADA under 42 U.S.C. § 12102(1)-(2), 28 CFR §§ 36.105, the New York State Human Rights Law, the New York Civil Rights Law and the New York City Human Rights Law.  Plaintiff is uniped and an amputee, and must use a wheelchair or other motorized mobility device.

The Hotel is a place of public accommodation that owns and/or leases and operates a place of lodging pursuant to the ADA.  Additionally, the Website is a place of public accommodation defined as a "place[s] of exhibition and entertainment", "places of recreation", and "service establishments". 28 C.F.R. §36.201(a); 42 U.S.C. §12181(7).

6

Defendant is required by the ADA, its accompanying regulations contained in the Code of Federal Regulations (C.F.R.) to ensure that its place of lodging complies with the standards applicable to public accommodations and is accessible to disabled individuals. 28 C.F.R. §36.302(e)(l), which became effective on March 12, 2012, provides:

> "Reservations made by places of lodging. A public accommodation that owns, leases (or leases to), or operates a place of lodging shall, with respect to reservations made by any means, including by telephone, in-person, or through a third party –
>
> (i) Modify its policies, practices, or procedures to ensure that individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms;
>
> (ii) Identify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs;
>
> (iii) Ensure that accessible guest rooms are held for use by individuals with disabilities until all other guest rooms of that type have been rented and the accessible room requested is the only remaining room of that type;
>
> (iv) Reserve, upon request, accessible guest rooms or specific types of guest rooms and ensure that the guest rooms requested are blocked and removed from all reservations systems; and
>
> (v) Guarantee that the specific accessible guest room reserved
> through its reservations service is held for the reserving customer,
> regardless of whether a specific room is held in response to reservations
> made by others".

"§ 36.302 of the 1991 Title III regulation requires public accommodations to make reasonable modifications in policies, practices or procedures when such modifications are necessary to afford access to any goods, services, facilities, privileges advantages or accommodations, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages or accommodations. Hotels, timeshares resorts, and other places of lodging are subject to this requirement and must make reasonable modifications to reservation policies, practices or procedures when necessary to ensure that individuals with disabilities are able to reserve accessible hotel rooms with the same efficiency, immediacy, and

7

convenience as those who do not need accessible rooms". 28 C.F.R. Part 36, Appx. A. Third-Party reservation services should also be subject to these requirements.

Hotels, motels and other places of lodging are required to identify and describe all accessible features in the hotel and guestrooms; "[t]his requirement is essential to ensure individuals with disabilities receive information they need to benefit from the services offered by the place of lodging." "As a practical matter, ……. designating a room as "accessible" does not ensure necessarily that the room complies with all of the 1991 Standards." 28 C.F.R. Part 36, Appx. A.

"Further hotel rooms that are in full compliance with current standards may differ, and individuals with disabilities must be able to ascertain which features – in new and existing facilities – are included in the hotel's accessible guest rooms. For example, under certain circumstances, an accessible hotel bathroom may meet accessibility requirements with either a bathtub or a roll in shower. The presence or absence of particular accessible features such as these may mean the difference between a room that is usable by a particular person with a disability and one that is not". 28 C.F.R. Part 36, Appx. A.

For hotels that were built after the effective date of the 1991 Standards, it is sufficient to advise that the hotel itself is fully ADA compliant, and for each accessible guestroom, to specify the room type, the type of accessible bathing facility in the room, and the communications features in the room. 28 C.F.R. Part 36, Appx. A.

"For older hotels with limited accessibility features, information about the hotel should include, at a minimum, information about accessible entrances to the hotel, the path of travel to guest check-in and other essential services, and the accessible route to the accessible room or rooms. In addition to the room information described above, these hotels should provide information about important features that do not comply with the 1991 Standards. For example, if the door to the "accessible" room or bathroom is narrower than required, this information should be included (e.g., door to guest room measures 30 inches clear)". 28 C.F.R. Part 36, Appx. A.

8

The Hotel is a place of public accommodation that owns and/or leases and operates a place of lodging

pursuant to the ADA. Additionally, the Website is a place of public accommodation defined as a "place[s] of

exhibition and entertainment," "places of recreation," and "service establishments." 28 C.F.R. § 36.201(a); 42

U.S.C. § 12181 (7).

Defendant, by itself or by and through a third party owns, operates, maintains and controls the Website

and Websites which contains an online reservation system located at http://featherfactoryhotelqueensny.us

(the "Website") in violation of the ADA in addition to third party websites such as www.hotels.com,

www.booking.com and www.travelocity.com (the "Websites"). The Website and Websites are subject to

the requirements of 28 C.F.R. Section 36.302(e).

The Defendants' deadline for compliance with the ADA has long since passed. The Websites operated by

Defendant and the other affiliated websites are a public accommodation covered by the ADA and which must be

in compliance therewith.

Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice,

Office of the Attorney General, promulgated federal regulations to implement the requirements of the

ADA. 28 CFR Part 36. Defendant is in violation of 42 U.S.C. §12181 et seq., and 28 CFR 36.302 et seq.,

and is discriminating against Plaintiff, the Class and the Subclass. The discrimination is based on the

Defendants denying Plaintiff full and equal enjoyment of the goods, services, facilities, privileges,

advantages and/or accommodations as prohibited by 42 U.S.C. §12182 et seq., and by failing to remove

access barriers pursuant to 42 U.S.C. §12182(b)(2)(A)(iv), where such removal is readily achievable.

Pursuant to 42 U.S.C. §12188(a)(2), this Court is provided authority to grant Plaintiffs injunctive

relief, including an Order to alter the Website and Websites to make them readily accessible to and useable

by individuals with disabilities to the extent required by the ADA, and taking the Website off the internet until the requisite modifications are completed.

The New York Human Rights Law ("NYHRL"), Article 15 of the N.Y. Executive Law §§ 290 *et. seq.* covers the actions of the Defendant. Pursuant to Article 15 N.Y. Executive Law § 296(2)(a) "it shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place of public accommodation ... because of the ... disability of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof."

The Plaintiff, at all times relevant to this action, has a substantial impairment to a major life activity of walking and is an individual with a disability under Article 15 of the N.Y. Executive Law § 292(21).

The Defendant, at all relevant times to this action, owns and operates a place of accommodation, the Website and the Hotel, within the meaning of Article 15 of the N.Y. Executive Law § 292(9). Defendant is a person within the meaning of Article 15 of the
N.Y. Executive Law § 292(1).

Discrimination includes the refusal to adopt and implement reasonable modifications in policies, practices or procedures when they are necessary to afford, facilities, privileges, advantages or accommodations to individuals with disabilities. Article 15 of the N.Y. Executive Law§ 296(2)(a), § 296(2)(c)(i).

Defendant's actions violate Article 15 of the N.Y. Exec. Law§ 296(2)(a) by discriminating against the Plaintiff and Subclass by (i) owning and operating the Website that is inaccessible to disabled individuals who cannot walk without the use of use a wheelchair or other motorized mobility device; and (ii) by not removing

10

access barriers to its Website in order to make accessibility features of the Hotel and its rooms known to disabled individuals who cannot walk without the use of use a wheelchair or other motorized mobility device; and (iii) by refusing to modify the Hotel's online reservation systems on its Website and Websites when such modifications are necessary to afford facilities, privileges, advantages or accommodations to individuals with disabilities. This inaccessibility denies disabled individuals who cannot walk without the use of use a wheelchair or other motorized mobility device full and equal access to the facilities, goods and services that the Defendant makes available to individuals who are not disabled and can walk without the need of a wheelchair or other motorized mobility device. Article 15 of the N.Y. Exec. Law§ 296(2)(c).

Plaintiff and the Subclass are therefore entitled to compensatory damages, civil penalties and fines for each and every discriminatory act in addition to reasonable attorney fees and the costs and disbursements of this action. Article 15 of the N.Y. Exe. Law §§ 297(9), 297(4)(c) et seq.

Plaintiff served notice thereof upon the attorney general as required by N.Y. Civil Rights Law ("CVR") § 41. Persons within N.Y.S. are entitled to full and equal accommodations, advantages, facilities and privileges of places of public accommodations, resort or amusement, subject only to the conditions and limitations established by law and applicable alike to all persons. No persons, being the owner of a place of public accommodation, shall directly or indirectly refuse, withhold from, or deny to any person any of the accommodations, advantages, facilities and privileges thereof. N.Y. Civ. Rights Law § 40.

§ 292 of Article 15 of the N.Y. Executive Law deems a disability a physical, mental or medical impairment resulting from anatomical, physiological, genetic or neurological conditions which prevents the exercise of a normal bodily function. As such the Plaintiff is disabled under the N.Y. Civil Rights Law.

Persons within N.Y.S. are entitled to full and equal accommodations, advantages, facilities and privileges of places of public accommodations, resort or amusement, subject only to the conditions and limitations established by law and applicable alike to all persons. No persons, being the owner of a place of public accommodation, shall directly or indirectly refuse, withhold from, or deny to any person any of the accommodations, advantages, facilities and privileges thereof. N.Y. Civ. Rights Law § 40.

Defendant intentionally and willfully failed to remove the barriers on their Website discriminating against the Plaintiff and Subclass preventing access in violation of CVR §40.

Under N.Y. Civil Rights Law § 41 a corporation which violates any of the provisions of §§ 40, 40-a, 40-b or 42 shall be liable for a penalty of not less than one hundred dollars nor more than five hundred dollars, to be recovered by the person aggrieved thereby… in any court of competent jurisdiction in the county in which the plaintiff or defendant shall reside.

Plaintiff and the Subclass hereby demand compensatory damages of five hundred dollars for the Defendant acts of discrimination including civil penalties and fines pursuant to N.Y. Civil Rights Law § 40 et seq..

At all times, the New York City Human Rights Law ("NYCHRL"), New York City Administrative Code §§ 8-101 *et. seq.* applied to the conduct of the Defendant as the Defendant owns and operates the Website and are persons under the law.

At all times concerning this action the Plaintiff and the Subclass have had a substantial impairment to a major life activity of walking and are individuals with a disability under N.Y.C. Administrative Code § 8-102(16).

At all times concerning this action the Defendant's Website is a place of public accommodation as defined in N.Y.C. Administrative Code § 8-102(9).

"It shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place or provider of public accommodation, because of the actual or perceived ……. disability …. of any person to withhold from or deny to such person any of the accommodations required to make reasonable accommodations to a disabled individual and may not "refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof" N.Y.C. Admin. Code § 8-107(4)(a).

The willful and intentional non-removal of the Website's barriers of access for the Plaintiff and the Subclass by the Defendant discriminates against disabled individuals who cannot walk without the use of use a wheelchair or other motorized mobility device by denying them full and equal access to the facilities, goods, and services that Defendant makes available to the non-disabled individuals who can walk without the use of use a wheelchair or other motorized mobility device.

It is discriminatory for the Defendant "not to provide a reasonable accommodation to enable a person with a disability to …. enjoy the right or rights in question provided that the disability is known or should have been known by the covered entity." N.Y.C. Administrative Code § 8-107(15)(a).

Plaintiff and Subclass are also entitled to compensatory damages for the injuries and loss sustained as a result of the Defendant's discriminatory conduct in addition to punitive damages and civil penalties and fines for each offense, attorney fees, costs and disbursements of this action. N.Y.C. Administrative Code § 8-120(8), § 8-126(a) and § 8-502(a).

13

Pursuant to the provisions of Rule 55 of the Federal Rules of Civil Procedure, when a party against whom affirmative relief is sought has failed to plead or otherwise defend as provided by the Rules of Civil Procedure, such as the Defendant in this cause, a default shall be entered against that party. In this instance, Defendant was properly served with the Complaint filed herein and failed to respond as required under the law. Therefore, in accordance with Fed. R. Civ. P. 55(a) & 55(b)(2), Plaintiff is entitled to a default final judgment against Defendant.

## II.    THE REQUESTED RELIEF

Defendant FEATHER FACTORY HOTEL INC. d/b/a FEATHER FACTORY HOTEL is in violation of 42 U.S.C. §12181 et. seq. of the ADA and 28 C.F.R. 36.302 et. seq. As Defendant is in violation of the ADA, has discriminated against Plaintiff, the Class and Subclass through said violations, and has not provided any Answer or other lawful responsive pleading in this action, Plaintiff, the Class and Subclass respectfully request this Court enter a Default Judgment requiring Defendant to correct the access barriers on the Website and Websites delineated in the Complaint. Plaintiff seeks injunctive and declaratory relief requiring the Defendant to correct the barriers which prevent access for the disabled.

The ADA does not provide for damages, but the NYSHRL, the NYCVRL and the NYCHRL do. See *Shariff v. Beach 90th St. Realty Corp.*, No. 11 Civ. 2551, 2013 WL 6835157 at * 6 (E.D.N.Y. Dec 20, 2013). The Plaintiff and the Subclass request compensatory damages, civil penalties and fines for each and every discriminatory act in addition to reasonable attorney fees and the costs and disbursements of this action under the New York State Human Rights Law - Article 15 of the N.Y. Exe. Law §§ 297(9), 297(4)(c) et seq..

Plaintiff served notice thereof upon the attorney general as required by N.Y. Civil Rights Law § 41. Plaintiff and the Subclass hereby demand compensatory damages of five hundred dollars for the Defendant acts of discrimination including civil penalties and fines pursuant to N.Y. Civil Law § 40 et seq..

At all times, the New York City Human Rights Law ("NYCHRL"), New York City Administrative Code §§ 8-101 *et. seq*. applied to the conduct of the Defendant as the Defendant owns and operates the Website and are persons under the law.

Plaintiff and Subclass are also entitled to compensatory damages for the injuries and loss sustained as a result of the Defendant's discriminatory conduct in addition to punitive damages and civil penalties and fines for each offense, attorney fees, costs and disbursements of this action. N.Y.C. Administrative Code § 8-120(8), § 8-126(a) and § 8-502(a).

The New York City Human Rights Commission has determined that a $ 1,000.00 award to be sufficient where complainants did not establish any particular damage other than what a decent and reasonable individual would suffer when faced with such ignorant behavior." Kreisler v. Second Ave. Diner Corp., No. 10 Civ. 7592, 2012 WL 3961304 at * 14 (S.D.N.Y. Sept 11, 2012), aff'd 731 F3d 184. Additionally under the §41 of the NYCRL the Plaintiff and the Subclass demand $ 500 for each discriminatory act by the Defendant in addition to civil penalties and fines.

Under the NYCHRL, the Plaintiff and the Subclass are entitled to compensatory damages in addition to punitive damages, civil penalties and fines.  Under the NYCHRL, a plaintiff is entitled to punitive damages where a defendant's actions amount to willful or wanton negligence, or recklessness, or where there is conscious or highly reckless disregard of the rights of others. *Chauca v. Abraham*, 30 N.Y.3d 325, 329, 89 N.E.3d 475 (2017).

A party against whom a judgment for affirmative relief is sought is in default when it has failed to plead or otherwise defend the suit. F.R.C.P. § 55(a). When a party is in default, "a district court must accept as true all of the factual allegations on the non-defaulting party". *Finkel v. Romanowicz,* 577 F3d 79, 84 (2nd Cir. 2009). According to the 2014 census there are 208,000 deaf and hard of hearing individuals that live in New York State. Consequently the Plaintiff and the Subclass seek the following damage award:

> Lead Plaintiff - $ 1,000.00 plus $ 500.00 = $ 1,500.00
>
> Lead Plaintiff - $ 5,000.00 for services as the lead Plaintiff
>
> Subclass - $ 1,500.00 for any individual in the Subclass that was discriminated against by the Defendant.

## ATTORNEY'S FEES

Plaintiff seeks an award for attorney fees, litigation expenses and costs pursuant to 42 U.S.C. §12205 which provides: "[I]n any action or administrative proceeding commenced pursuant to this Act, the court or agency, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses and costs..."

When assessing attorneys' fees under the ADA, the Court must consider the benefits to the public as a whole attained as a result of the civil rights action. See *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983).

Additionally, attorney fees costs and disbursements are allowed under the NYSHRL, NYCRL and the NYCHRL. Additionally, Courts have held that there is a "presumption that successful civil rights litigants should recover reasonable attorney fees." *DiFilippo v. Morizio*, 759 F2d. 231, 234 (2d Cir. 1985) (awarding fees under the Civil Rights Attorney's Fees Award Act, 42 U.S.C. § 1988). Plaintiff is the prevailing party in this litigation because the Defendants have defaulted. See *Shariff v. Alsaydi,* No. 11

Civ 6377 (FB) (SMG), 2013 WL 4432218, at * 4 (E.D.N.Y. Aug 15, 2013). Plaintiff's attorney has attached his time sheet to date which needs to be supplemented based on future work related to the Subclass.

Under NYCHRL a prevailing plaintiff is entitled to recover reasonable attorney costs. N.Y.C. Admin Code 8-502(g).

The Second Circuit Court of Appeals has held that the ADA permits for the award of reasonable attorneys' fees, costs and litigation expenses. *Simmons v. New York City Transit Authority,* 575 F. 3d 170, 172 (2d Cir. 2009). In *Luca v. County of Nassau,* 698 F. Supp. 2d 296, 301(E.D.N.Y. 2010), the Court held that \$400/hour is a reasonable hourly rate in Eastern District for ADA civil rights cases. See also, e.g., *Harty v. PAR Builders, Inc.* 12-cv-2246 (S.D.N.Y. 2016) (finding \$375/hour reasonable hourly attorney rate in Southern District). Therefore, based on the general prevailing rates for attorneys within this district, Mitchell Segal, Esq. seeking an hourly rate of \$385 is presumptively reasonable.

Mitchell Segal, Esq., was admitted to the New York Bar in 1985. Mr. Segal is a member in good standing in the Eastern and Southern District Courts in the State of New York. He has worked as a litigation attorney for more than 25 years at Law Offices of Mitchell S. Segal. All attorneys' fees are set forth in the Attorney Time Sheet attached hereto as Exhibit "A." Mr. Segal's current hourly rate is \$385/hour. Mr. Segal has represented both Plaintiffs and Defendants in ADA and Employment Class and Collective Actions and has been very active on both sides of cases filed in this district. Considering all circumstances, the attorney's fees of \$ 4,138.75, up to this point are fair and reasonable. Therefore, Plaintiff seeks a judgment against Defendant for same.

## LITIGATION COSTS AND EXPENSES

All litigation expenses and costs are also allowed in accordance with 42 U.S.C. §12205, which provides as follows:

In any action or administrative proceeding commenced pursuant to this Act, the court or agency, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee, <u>including litigation expenses, and costs</u> (Emphasis added.)

The ADA statute, therefore, being broader than simple "costs" statutes (e.g. Fed. R. Civ. P. 54), allows for the recovery of all litigation expenses as well. Section 12205 of the ADA provides for an award of costs, including litigation expenses, in addition to the recovery of attorneys' fees. See 42 U S.C. § 12205; The Plaintiff has incurred costs in this litigation of $ 616.32 which are composed of a $ 400.00 filing fee and $ 216.32 process service fee.

**WHEREFORE**, Plaintiff respectfully moves the Court to enter final judgment after default against Defendant, FEATHER FACTORY HOTEL INC. d/b/a FEATHER FACTORY HOTEL, enjoining them from discriminating against individuals with disabilities, ordering Defendant to make all the necessary alterations set forth herein so the Website and Websites are accessible to individuals with disabilities in compliance with the ADA, ordering the subject Website removed from the internet until all necessary modifications are complete, awarding Plaintiff $ 1,500.00 and $ 5,000.00 for a total of $ 6,500.00, awarding $ 1,500.00 for each member of the Subclass that has been discriminated against by the Defendant, attorney fees in the amount of $ 4,138.75, which will be supplemented by additional time spent by Attorney related to the Subclass and costs and disbursements currently at $ 616.32 which will be supplemented by additional costs and disbursements related to the Subclass and retaining jurisdiction over this cause to ensure Defendant complies with the Court's Judgment.

Respectfully submitted,

/s/   Mitchell Segal

Mitchell Segal, Esq.
Law Offices of Mitchell S. Segal, P.C.
Attorney for Plaintiff
1010 Northern Boulevard, Suite 208
Great Neck, New York 11021

Tel.: (516) 415-0100
Fax: (516) 706-6631
msegal@segallegal.com

## VERIFICATION

I, Mitchell Segal, Esq., pursuant to 28 U.S.C. 1746, do hereby declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and this declaration was executed in Long Island, New York (Suffolk County) on June 9, 2020.

Dated: Westhampton, New York
       June 9, 2020

Mitchell Segal

20